**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Supima,<br><br>    Plaintiff,<br><br>vs.<br><br>Philadelphia Indemnity Insurance Company,<br><br>    Defendant. | No. CV-20-00617-PHX-SPL<br><br>**ORDER** |

  Before the Court is the parties' Joint Notice Regarding Discovery Issue. (Doc. 85) The parties certify that they have met and conferred but were unable to come to an agreement on the issue: Plaintiff's requested topics for the Fed. R. Civ. P. ("Rule") 30(b)(6) deposition.

  This case is an insurance coverage dispute. Plaintiff requested Defendant cover the cost of defending against claims brought by a third party against Plaintiff in an earlier arbitration. (Doc. 1-1 at 2–3) According to Plaintiff the arbitration was covered under the insurance policy issued to Plaintiff by Defendant. (Doc. 1-1 at 2–3) Defendant denied coverage on the grounds that the policy did not cover those kinds of claims. (Doc. 1-1 at 9)

  This is not the parties' first disagreement regarding discovery issues. (Docs. 31, 52) The Court previously ruled on Defendant's objections to Plaintiff's Requests for Production, First Set of Interrogatories, and Requests for Admission. (Doc. 35) The Court also settled a disagreement about whether discovery should be stayed pending the Court's

decision on the Motion for Partial Summary Judgment. (Doc. 69)

Now, under Rule 37(a), Plaintiff moves the Court to compel Defendant to produce a Rule 30(b)(6) witness to testify about eight topics, where Defendant has refused to produce a witness. (Doc. 85 at 4) Plaintiff also moves the Court to order sanctions against Defendant under Rule 37(d) for refusing to designate a witness for the requested topics and failing to appear at the deposition. (Doc. 85 at 4) Defendant was supposed to appear at a Rule 30(b)(6) deposition on January 19, 2021 to testify about these topics and did not, instead sending its objections via email on January 8, 2021. (Docs. 85 at 3, 85-1 at 2–6) It is Defendant's position that the contested topics are overbroad and thus it does not have to designate a witness to testify about them. (Doc. 85 at 2) The requested Rule 30(b)(6) topics are all about other Defendant insurance policies, none of which are the policy or policies at issue in this case. (Doc. 56-1 at 4–5)

A failure to appear for a Rule 30(b)(6) deposition may result in sanctions under Rule 37(d)(1)(A)(i). Although Defendant may be of the position that Topics 4–11 (Doc. 56-1 at 4–5) of the noticed Rule 30(b)(6) deposition are inappropriate under Rule 26(b)(1), failure to appear is unjustified and unacceptable. Using objections as a justification for a failure to appear and failure to designate a witness is improper. *See Pongsai v. Am. Express Co.*, No. 819CV01628DOCJDEX, 2020 WL 5356711, at *3 (C.D. Cal. June 29, 2020). The proper course of action would have been to file a motion pursuant to Rule 45(d) before the deposition, rather than failing to appear and filing this Joint Notice after the fact. *Id. See also* Rule 45(d)(3).

While the Court does find, as it did in its October 20, 2020 Order, that discovery requests regarding insurance policies not at issue in this case are overbroad under Rule 26(b), the Court will still grant the requested sanctions under Rule 37(d). The proper sanctions under Rule 37(d)(3) are the payment of reasonable expenses, including attorney's fees, caused by the failure to appear. Finding that the failure to appear was not substantially justified, the Court makes the following order:

Having reviewed the Joint Notice Regarding Discovery Issue (Doc. 85),

**IT IS ORDERED** that Defendant Philadelphia Indemnity Insurance Company need not designate a Rule 30(b)(6) witness for Topics 4–11 of the Notice of Rule 30(b)(6) Deposition of Philadelphia Indemnity Insurance Company. (Doc. 56-1)

**IT IS FURTHER ORDERED** that Defendant Philadelphia Indemnity Insurance Company pay Plaintiff Supima's reasonable expenses, including the following:

1. The costs for the court reporter services for the January 19, 2021 deposition; and
2. Attorneys' fees for the instant discovery dispute and the January 19, 2021 deposition.

**IT IS FURTHER ORDERED** that Plaintiff Supima shall have until **February 9, 2021** to submit an affidavit and invoice in support of its reasonable fees and costs to the Court, and Defendant shall have until **February 17, 2021** to file any objections.

Dated this 2nd day of February, 2021.

Honorable Steven P. Logan
United States District Judge